IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RAYMOND THOMAS POWERS,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:13CR179DAK<br><br>Judge Dale A. Kimball |

On March 29, 2021, the court received a letter from Defendant seeking early termination of his supervised release. On March 27, 2014, Judge Dee Benson sentenced Defendant to 60 months incarceration and 120 months of supervised release. This case was reassigned to the undersigned judge when Defendant filed his motion. Defendant began serving his term of supervised release on September 6, 2018, so he has served two-and-a-half years of his ten-year term. The United States opposes Defendant's motion and Defendant's United States Probation Officer has provided the court with a supervision summary and recommendation that the court not grant early termination of supervised release at this time.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has had one incident of noncompliance that was reported to the court soon after his supervision began. However, since that time, Defendant has been fully compliant, completed all active conditions of supervision, maintained gainful employment, and has sustained a stable residence with his girlfriend. Defendant has taken many positive steps to turn his life around. Defendant's letter also demonstrates that he is doing well and setting goals for his future.

Despite these positive steps, the type of offense for which Defendant was convicted has a high likelihood of recidivism and, therefore, the terms of supervised release are longer than with most offenses. There is a need to err on the side of caution in these types of cases. Given that Defendants has had one incident of noncompliance, the court believes that Defendant will benefit from continued supervision. The court agrees with his probation officer that Defendant needs time to implement the treatment he has completed while being supervised. Defendant should continue to have constructive communication with his probation officer regarding his progress. The court agrees that Defendant should be encouraged to make and attain the goals he is setting. He appears to be on a promising path forward. The court is willing to reconsider early

termination in two years, when Defendant is nearing the half way point of his supervised release term. At this time, however, the court denies Defendant's motion for early termination of supervised release.

      DATED this 7th day of April, 2021.

                              BY THE COURT:

                              DALE A. KIMBALL
                              United States District Judge